[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, the Ohio Department of Taxation, challenges the trial court's judgment in favor of defendants-appellees, Rob Paris, d.b.a. Rob Paris Studios, and the Estate of Ivan Paris. The department assigns as error (1) the trial court's entry of judgment in favor of defendants-appellees; and (2) the trial court's failure to allow the testimony of a rebuttal witness.
The department sued Rob Paris and the estate of Ivan Paris for sales taxes owed, pursuant to R.C. 5739.33. The department claimed that, under the statute, both Rob Paris and Ivan Paris were "responsible officers" and were personally liable for their corporation's failure to remit sales tax due to the state.
R.C. 5739.33 provides, in pertinent part, as follows:
 If any corporation * * * required to file returns and to remit tax due to the state under this chapter fails for any reason to make the filing or payment, any of its employees having control or supervision of or charged with the responsibility of filing returns and making payments, or any of its officers, members, managers, or trustees who are responsible for the execution of the corporation's * * * fiscal responsibilities, shall be personally liable for the failure. The dissolution, termination, or bankruptcy of a corporation * * * shall not discharge a responsible officer's, member's, manager's, employee's, or trustee's liability for a failure of the corporation * * * to file returns or remit tax due. * * *
 After a bench trial, the trial court concluded that the state had failed to meet its burden to demonstrate that either Rob Paris or Ivan Paris was a responsible person under the statute. The court found that, as of the hiring of general manager and later president Carl Simkonis, the corporation's daily business operations, including its fiscal responsibilities, were controlled by Simkonis. Because the trial court's finding was supported by competent, credible evidence, we overrule the first assignment of error.
In its second assignment of error, the department contends that the trial court erred by refusing to allow the testimony of rebuttal witness Fred Calvert. The court based its decision largely on the fact that the state had added Calvert's name to its witness list only six days before trial, in violation of the court's scheduling order. Even if we were to determine that the trial court erred in failing to allow the testimony of the rebuttal witness, we could not conclude, given the state of the record, that the error prejudiced the state. An error is harmless where "it does not affect substantial rights of the complaining party, or where the court's action is not inconsistent with substantial justice."[1]
Consequently, we find no reversible error and overrule the department's second assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See Hofmeier v. Cinti. Inst. Of Plastic Reconstructive Surgery,Inc. (Jan. 18, 2002), Hamilton App. No. C-000274, unreported, citingO'Brien v. Angley (1980), 63 Ohio St.2d 159, 164, 407 N.E.2d 490,494.